IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAYMOND JOHN DANIELS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-90 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary ruling wherein petitioner lost "15 or 20" days previously accrued good time credits as punishment.[1]  [ECF 3 at 5].  Petitioner is presently incarcerated at the Dalhart Unit in Hartley County, Texas pursuant to a Harris County conviction for the felony offense of aggravated assault on a public servant and the resultant 30-year sentence assessed therein on December 17, 2009.  *State v. Daniels*, No. 1197625.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to the aggravated assault offense and that his

---

[1] Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

projected release date is his maximum sentence date, an indication of his ineligibility for mandatory supervised release.  Additionally, in his habeas application, in response to Question 16 of the form, petitioner concedes he is not eligible for release on mandatory supervision.  [ECF 3 at 5].

The mandatory supervision statute in effect when petitioner committed his aggravated assault offense on January 3, 2009 stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of "the offense of aggravated assault."  Texas Gov't Code § 508.149(a)(7)(2009).  As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus.  *See Malchi*, 211 F.3d at 958.  Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner RAYMOND JOHN DANIELS be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 14, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

Hab54\Disc\FCR\Daniels-90.Inel-AggAsslt:1